UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLINTON PAUL WAGUESPACK | * | CIVIL ACTION |
| | * | |
| | * | NO. |
| VERSUS | * | |
| | * | JUDGE |
| | * | |
| WESTLAKE CHEMICAL CORPORATION | * | MAGISTRATE JUDGE |

## COMPLAINT

NOW COMES Plaintiff, Clinton Paul Waguespack, a person of the full age of majority and a resident of Ascension Parish, State of Louisiana, who, as his Complaint, respectfully states as follows:

1.

This Honorable Court has jurisdiction over this matter pursuant to 28 USC 1331 whereas this action arises under the laws of the United States. This Honorable Court has jurisdiction over any asserted state-law claims pursuant to 28 USC 1367(a).

2.

Venue is proper within this Judicial District pursuant to 28 USC 1391(b)(3) whereas this is the judicial district in which Defendant's registered office in this state is located.

3.

Made defendant herein is Westlake Chemical Corporation, a foreign corporation licensed to and doing business within the jurisdiction of this Honorable Court.

4.

At all times relevant, Plaintiff was employed by Defendants as a waste water operator.

5.

On December 11, 2017, Plaintiff's treating otolaryngologist, Dr. Jack Breaux, recommended he work only in a "noise free" environment due to significant hearing loss as a result of decades of working in industrial plants. Plaintiff provided a copy of Dr. Breaux's written restrictions to Defendant.

6.

Plaintiff subsequently discussed with his supervisor possibly allowing him to work in an alternative position that would either provide for a "noise free" work environment or reduce his exposure to noise to a level acceptable to Dr. Breaux. However, his supervisor discouraged him from applying for other jobs, telling him he was not suited for any other available positions. Other than a single email, at no time did Defendant's Human Resources department attempt to intervene or assist in the situation.

7.

Despite his request made to his supervisor, Defendant refused or failed to place Plaintiff in any open alternative positions, including jobs previously performed by Plaintiff for which he was qualified to and capable of doing, or consider any other reasonable accommodation.

8.

Effective May 31, 2018, almost six months after first raising the issue and with no or virtually no responsive effort by Defendant, and fearing his continued on-the-job noise exposure would cause the loss of his remaining ability to hear, as Dr. Breaux had warned, Plaintiff quit his employment with Defendant and accepted a position driving a truck for another employer at roughly half the income.

9.

On August 10, 2018, Plaintiff filed a Complaint of Discrimination with the Equal Employment Opportunity Commission (EEOC). On September 28, 2018, the EEOC issued Plaintiff a "Right to Sue" letter. This suit is filed within 90 days of that letter and is timely.

10.

On September 4, 2018, undersigned counsel provided a copy of Plaintiff's EEOC Complaint and "Right to Sue" letter to Defendant, through its counsel, with an invitation to discuss potential resolution and did so more than 30 days prior to filing this Complaint as required by Louisiana law. No response was received from Defendant.

11.

Plaintiff asserts that Defendant failed or refused to engage in a good-faith deliberative process as required by law.

12.

Plaintiff brings this claim pursuant to the Americans With Disabilities Act, 42 USC 12101 et seq., the Louisiana Employment Discrimination Act, LSA-R.S. 23:301 et seq. and other basis or grounds of recovery to be shown at the trial of this matter.

13.

Plaintiff seeks all damages to which he may be entitled, including:

A. Back pay;

B. Front pay;

C. Punitive damages;

D. Attorney's fees;

E. Cost;

F.  Pre and post-judgment interest; and

G.  Other basis or forms of damages to be shown at the trial of this matter.

14.

Plaintiff seeks a trial by jury as to all matters triable to a jury.

15.

Plaintiff reserves the right to supplement and amend this Complaint as investigation and discovery continues.

WHEREFORE, Plaintiff, Clinton Paul Waguespack, prays that Defendant, Westlake Chemical Corporation, be served with a copy of the foregoing Complaint and be made to answer same, and after all legal delays and due proceedings had, there be judgment in favor of Plaintiff and against Defendant for all damages as prayed for, with interest until paid in full, and for all other and further relief to which Plaintiff may be entitled in law and/or equity.

Dated:  November 26, 2018.

Respectfully submitted:

/s/ Rusty Savoie
RUSTY SAVOIE (LSBA #25238)
A Professional Limited Liability Company
112 Innwood Dr., Suite F
Covington, LA  70433
Telephone:  (985) 898-3434
Facsimile:  (985) 898-3599
Email:  rusty@savoielaw.com
*Attorney for plaintiff, Clinton Paul Waguespack*